IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>  v.<br><br>BROAN-NUTONE, L.L.C.; et al.,<br><br>        Defendants. | Case No. 12-cv-01811-SC<br><br>ORDER REQUESTING SUPPLEMENTAL BRIEFING RE: MOTION TO STRIKE |

Now before the Court is Defendants Broan-Nutone, L.L.C. ("Broan-Nutone") and A.O. Smith, Corporation's ("AO Smith") motion to strike Plaintiff Philadelphia Indemnity Insurance Company's ("Philadelphia Indemnity") rebuttal experts. ECF No. 49. In their briefs, unfortunately, the parties talk past one another due to a latent disagreement about how damages should be measured under California law. The Court thus finds it necessary to order supplemental briefing.

A short discussion of the background of this case will make things a little clearer. In April of 2011, a fire severely damaged

an apartment building, known as Franciscan Towers, in the Tenderloin District of San Francisco.  Plaintiff Philadelphia Indemnity insured the owner of the building and paid a multimillion dollar claim to repair the damage.  Philadelphia Indemnity alleges that the fire was caused because a ventilation fan wired into the ceiling of the bathroom of one of the apartments overheated and started the fire.  The fan that Philadelphia Indemnity suspects started the fire was manufactured by Defendant Broan-Nutone.

One of Defendants' initially disclosed experts was Wayne Prescott, who produced a report in which he estimated the market value of Franciscan Towers before the fire.  <u>See</u> ECF No. 65-1 ("Bauman Decl. II") Ex. F ("Prescott Rpt.").  In its rebuttal disclosure, Plaintiff announced four experts to counter Mr. Prescott's opinion.  Three of Plaintiff's rebuttal experts -- Trevor Crossley, Nasir Aziz, and Peter Evans -- testify to the demolition, repair, and other costs involved in clearing the land on which the Franciscan Towers stood.  A fourth expert, Stan Tish, challenges Mr. Prescott's appraisal methods.  Defendants do not contest the admissibility of Mr. Tish's competing appraisal, but Defendants seek to strike a portion of Mr. Tish's report suggesting that the cost of replacing the building should be part of the appraisal.  The parties dispute whether these experts qualify as rebuttal experts.

The problem Defendants identify is this: Mr. Prescott's opinion is limited to an estimate of the fair market value of the building.  Therefore, according to Defendants, rebuttal experts should be confined to attacking Mr. Prescott's evaluation of the building <u>before the fire</u>.  Plaintiff's rebuttal experts, however,

2

testify to other expenses not directly related to the appraisal of the building before the fire. Under Defendants' understanding of the law, Plaintiff cannot recover damages beyond the fair market value of the property before the fire. Understandably, then, Defendants see no connection between Plaintiff's rebuttal experts and the fair market method of assessing damages.

Plaintiff, however, believes it is entitled to damages <u>above and beyond</u> the fair market value of the building. See ECF No. 65 ("Opp'n") at 7-8 ("Mr. Prescott's report is deficient in that it fails to address the additional costs that would be incurred should a fair market value approach to damages be accepted.") (internal citation omitted). Essentially, Plaintiff believes that, under the diminution of value method, it is entitled to the fair market value of the property before the fire <u>plus</u> demolition and clearing (and other related) costs. Accordingly, Plaintiff believes it is fair to rebut Mr. Prescott's opinion by showing that he failed to account for certain expenses that are validly considered under the diminution of value approach to damages. Under this view, Plaintiff's experts rebut Mr. Tish's opinion not because they believe his opinion to be <u>incorrect</u>, but because they believe it to be <u>incomplete</u>. The Court agrees that, if Plaintiff's interpretation of the law is correct, such evidence is proper rebuttal evidence.

///
///
///
///
///

Defendants' understanding of the law has some support. The California Supreme Court has suggested that damages in a tort suit like this one are capped at the value of the property prior to the injury:

> If the cost of repairing the injury by removing the debris . . . and otherwise restoring the premises to their original condition, amounts to less than the value of the property prior to the injury, such cost is the proper measure of damages; and if the cost of restoration will exceed such value, then the value of the property is the proper measure.

Green v. Gen. Petroleum Corp., 205 Cal. 328 (Cal. 1928). Much more recently, the California Court of Appeal has concurred:

> For tortious injury to real property, the general rule is that the plaintiff may recover the lesser of (1) the diminution in the property's fair market value, as measured immediately before and immediately after the damage; or (2) the cost to repair the damage and restore the property to its pretrespass condition, plus the value of any lost use. The practical effect of this rule is to limit damages to property to the fair market value of the property prior to the damage.

Kelly v. CB & I Constructors, Inc., 179 Cal. App. 4th 442, 450 (Cal. Ct. App. 2009). In Green, at least, the California Supreme Court explicitly discussed removal of debris as part of the repair cost method of measuring damages and not as an element of the diminution of value method.

That said, California courts have, on occasion, recognized damages in excess of the fair market value of the property damaged by a tort. Most typically, this occurs when the plaintiff has a personal reason to restore the property to its former condition (even though doing so is not economical). This is called the "personal reason exception," and it is permitted only so long as the restoration costs are reasonable in light of the actual damage sustained. See id. at 450-51 (explaining personal reason exception

4

and collecting cases).  One federal court has generalized this approach, suggesting that damages beyond fair market value may be assessed even the personal reason exception is not invoked.  United States v. Sierra Pac. Indus., No. CIV S-09-2445 KJM, 2012 WL 1898945, at *3-4 (E.D. Cal. May 23, 2012).  Most of the cases cited in support of that proposition, however, dealt with fires on national forest land that had unique properties and could not be sold.  See id.  As far as the Court is aware, Plaintiff is neither invoking the personal reason exception nor suggesting that the property that was damaged was national forest land.[1]  However, the Sierra Pacific court did hold that "whether or not capping damages at the market value of the land, assuming such a value can be determined, would compensate plaintiff for all the detriment proximately caused by the [fire] is a question of fact for the jury."  Id. at *3.

Plaintiff uses an example of a car wreck in its opposition brief.  See Opp'n at 6-7.  That example suggests that Plaintiff is arguing that California law _typically_ permits assessment of damages in tort cases involving injury to property that exceed the fair market value of the property prior to the tort.  If that is the case, Plaintiff should say so, and should explain why the Court's reading of Green and Kelly is wrong.

The Court views the issue this way:  If, as a matter of law,

---

[1] Mr. Tish's report indicates that the fact that the Franciscan Towers were subsidized affordable housing makes the property value difficult to assess.  See ECF No. 51 ("Mijanovic Decl.") Ex. G ("Tish Rpt.") § 5.1.  However, Plaintiff does not argue that affordable housing properties are governed by special damages rules, nor is the Court aware of any California cases suggesting that they might be.

5

Plaintiff is not entitled to damages beyond the fair market value of the property before the fire, then Plaintiff's rebuttal experts cannot be said to contradict or rebut Mr. Prescott's opinion. However, if Plaintiff is entitled to damages beyond the fair market value of the property before the fire, then the rebuttal experts may be proper.  Whether Plaintiff's potential damages are so limited, however, is given short shrift in the parties' briefs.

Accordingly, the Court finds it necessary to order supplemental briefing on this issue.  Within ten (10) days of the signature date of this Order, Plaintiff shall submit a supplemental brief to the Court addressing the following issues:

1. The legal theory under which Plaintiff asserts it is entitled to damages beyond the fair market value of the property, despite the general limitation established in <u>Green</u> and <u>Kelly</u>;
2. The California law that supports Plaintiff's theory; and
3. Why the additional damages estimated by each of the four challenged rebuttal experts are permissible under that theory.

Defendants may file a response to Plaintiff's supplemental brief of no more than ten (10) pages within seven (7) days of Plaintiff's filing.

IT IS SO ORDERED.

Dated: February 27, 2015

_____
UNITED STATES DISTRICT JUDGE

6