IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>BROAN-NUTONE, L.L.C.; et al.,<br><br>    Defendants. | Case No. 12-cv-01811-SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE |

I. **INTRODUCTION**

Now before the Court is Defendants Broan-Nutone, L.L.C. and A.O. Smith Corporation's motion to strike several of Plaintiff Philadelphia Indemnity Insurance Company's rebuttal experts. ECF No. 49. The motion is fully briefed.[1] The Court initially vacated the hearing on this motion, but then ordered supplemental briefing[2] and held a hearing on April 3, 2015. For the reasons set forth

---

[1] ECF Nos. 50 ("Mot."), 65 ("Opp'n"), 71 ("Reply").

[2] See ECF Nos. 98 ("Supp. Br. Order"), 100 ("Pl.'s Supp. Br."), 103 ("Defs.' Supp. Br.").

below, the motion is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

This case is about the cause of a fire. Plaintiff insured a building in San Francisco that was severely damaged by a fire in 2011. Plaintiff alleges that Defendant Broan-Nutone manufactured a defective bathroom ceiling fan that overheated and started the fire. Defendants argue that the fan was not defective and that the fire started in the building's trash chute.

This motion concerns damages experts. Plaintiff's initial expert witness disclosure did not specify any retained damages expert. According to Plaintiff, it intended to pursue the cost of repairs as the measure of its damages and did not believe an expert was needed to establish the amount spent on repairs. Defendants' initial expert disclosure, which came one month after Plaintiff's, named Wayne F. Prescott as an expert who would testify regarding the fair market value the building prior to the fire. Defendants believe that the fair market value of building is the upper limit of the amount Plaintiff may recover. In its rebuttal expert disclosure, Plaintiff named four retained experts whose testimony relates to damages. Defendants responded with this motion, claiming that Plaintiff's rebuttal experts are not actually intended to rebut anything Mr. Prescott says, but instead will bolster Plaintiff's case in chief. Plaintiff opposes, arguing that its rebuttal experts do, in fact, rebut Mr. Prescott's testimony.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26 requires that "a party must

1  disclose to the other parties the identity of any witness it may
2  use at trial to present evidence under Federal Rule of Evidence
3  702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Witnesses that
4  are "retained or specially employed to provide expert testimony"
5  must prove a written report that contains:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Rebuttal expert testimony is limited to presenting evidence that "is intended solely to contradict or rebut evidence of the same subject matter identified by an initial expert witness." Amos v. Makita U.S.A., Inc., No. 2:09-CV-01304-GMN, 2011 WL 43092, at *2 (D. Nev. Jan. 6, 2011). Parties are normally required to provide rebuttal expert disclosures within 30 days of the other party's disclosure. Fed. R. Civ. P. 26(a)(2)(D); see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) ("Absent other direction from the court, a rebuttal report shall be filed 'within 30 days after the disclosure' of the evidence that the expert is assigned to rebut.").

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially

justified or is harmless."  Fed. R. Civ. P. 37(c)(1); see also Yeti

justified or is harmless."  Fed. R. Civ. P. 37(c)(1); see also <u>Yeti by Molly</u>, 259 F.3d at 1106 ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.").  When a party designates an expert as a rebuttal expert, some of whose testimony is not proper rebuttal evidence, the Court may limit that expert's testimony, rather than strike it entirely.  See <u>Lindner v. Meadow Gold Dairies, Inc.</u>, 249 F.R.D. 625, 636 (D. Haw. 2008).

**IV.  DISCUSSION**

Defendants challenge four of Plaintiff's rebuttal experts: Nasir Aziz, Trevor Crossley, Peter Evans, and Stan Tish.  The Court finds that Mr. Aziz and Mr. Crossley must be excluded entirely, while Mr. Evans and Mr. Tish may testify, so long as their testimony is truly contained solely to rebuttal issues.

**A.   Mr. Aziz and Mr. Crossley**

Defendants argue that expert reports of Mr. Aziz and Mr. Crossley fail to meet the requirements set out in Rule 26.  Defendants are correct.  Mr. Aziz's "report" consists only of a hypothetical bid for the demolition of six-story structure and a printed copy of Mr. Aziz's LinkedIn profile.  See ECF No. 51 ("Mijanovic Decl.") Ex. D.  Mr. Crossley's "report" is a spreadsheet listing various costs (presumably those that Mr. Crossley believes would be incurred in demolishing and clearing the building involved in this case) and a resume.  See <u>id.</u> Ex. E.  Neither report specifies what the expert's opinion will be.  Even assuming that the opinions offered will be limited to the costs set

4

out in the reports, neither report provides any basis for the numbers that appear in them.

Plaintiff responds only briefly to the claim that these reports are deficient, apparently conceding that the reports do not meet the Rule 26 requirements but arguing that the Court should nonetheless exercise its discretion not to strike the reports. See Opp'n at 8-9.  Indeed, the Ninth Circuit has recognized that Rule 37(c)(1) permits the use of information, even if its disclosure violated the Federal Rules, "if the parties' failure to disclose the required information is substantially justified or harmless." Yeti by Molly, 259 F.3d at 1106.  The burden of showing that the violation of the rule was justified or harmless lies with the violator.  See Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 827 (9th Cir. 2011).  Plaintiffs do not claim that their failure to follow the Rules was justified; instead they only state (without support) that their failure was harmless.  The Court disagrees.  By failing to provide any clear indication of the bases for Mr. Aziz's or Mr. Crossley's opinions, Plaintiff denied Defendants a fair opportunity to challenge those opinions.  Defendants' motion is GRANTED with respect to Mr. Aziz and Mr. Crossley, and their reports are STRICKEN.

**B.    Mr. Evans and Mr. Tish**

The dispute about Mr. Evans and Mr. Tish stems from the parties' disagreement about what evidence is relevant to the damages assessment under California tort law.  Mr. Evans is an insurance adjuster.  He opines that Mr. Prescott's appraisal improperly considers "the building a constructive total loss, when damage was clearly partial and was readily repairable."  Mijanovic

5

Decl. Ex. F at 3. He says that the correct valuation of the building as a total loss should include the costs of demolition, debris removal, and other related work. Id. at 4. Mr. Tish is an appraiser whose assessment of the building's value is different from that of Mr. Prescott. Defendants do not dispute that most of Mr. Tish's report is proper rebuttal testimony, but they do challenge the section of his report that discusses the replacement cost of the building. See Mot. at 11-12.

Essentially this is a dispute about whether the demolition, clearing, and other related costs can fairly be said to rebut Mr. Prescott's opinion. Defendants argue that those costs cannot rebut Mr. Prescott's opinion, because his opinion dealt only with the fair market value of the property prior to the fire. Plaintiff argues that Mr. Prescott's opinion is incomplete because it fails to account for those costs and that its experts therefore rebut Mr. Prescott's incomplete estimate of Plaintiff's loss.

California law provides for a plaintiff who has suffered tortious damage to real property to recover the lesser of (1) the cost of repairing the property to its state prior to the tort or (2) the diminution in the fair market value of the property. This rule was established by the California Supreme Court in Green v. General Petroleum Corporation:

> If the cost of repairing the injury by removing the debris . . . and otherwise restoring the premises to their original condition, amounts to less than the value of the property prior to the injury, such cost is the proper measure of damages; and if the cost of restoration will exceed such value, then the value of the property is the proper measure.

205 Cal. 328, 336 (Cal. 1928). The California Court of Appeal more recently reiterated this rule in more modern terms:

> For tortious injury to real property, the general rule is that the plaintiff may recover the lesser of (1) the diminution in the property's fair market value, as measured immediately before and immediately after the damage; or (2) the cost to repair the damage and restore the property to its pretrespass condition, plus the value of any lost use. The practical effect of this rule is to limit damages to property to the fair market value of the property prior to the damage.

Kelly v. CB & I Constructors, Inc., 179 Cal. App. 4th 442, 450 (Cal. Ct. App. 2009).

Green and Kelly demonstrate that damages for tortious injury to real property are ordinarily capped at the fair market value of the property prior to the tort.[3] As a result, Plaintiff is precluded from recovering demolition, clearing, and other costs in addition to the fair market value of the building prior to the fire. However, evidence of such costs may be relevant to rebut Mr. Tish's testimony to the extent that those costs affected the post-fire fair market value of the property. That is, the contested evidence is rebuttal evidence only if Plaintiff intends to show that the diminution in the property's fair market value (the difference in its value before and after the fire) exceeds Mr. Tish's appraisal of the property's value before the fire. Once

---

[3] There are exceptions to this general rule. One is the "personal reasons" exception, which permits a plaintiff who has a special personal reason to repair property to recover repair costs in excess of the pretrespass fair market value. See Kelly, 179 Cal. App. 4th at 450-51. Plaintiff asserts the personal reasons exception in this case. See Pl.'s Supp. Br. at 5-8. However, the personal reasons exception permits a plaintiff to recover restoration and repair costs; it is not relevant to establishing the fair market value of the property. Because Mr. Tish's testimony deals only with the property's fair market value, Plaintiff's rebuttal experts may not testify regarding any costs that Plaintiff intends to recover under the personal reasons exception. This holding does not preclude Plaintiff from arguing that the exception applies; it is merely a ruling that Plaintiff's rebuttal experts may not be used to establish any repair costs that Plaintiff intends to recover via that exception.

1  Plaintiff has established the post-fire fair market value of the
2  property, by expert or other admissible testimony, Plaintiff may
3  use the testimony of Mr. Evans and Mr. Tish to show that those
4  anticipated costs reduced the post-fire value of the building.
5       Evidence of demolition and clearing costs, as well as any
6  other costs Plaintiffs seek to recover, is admissible to rebut Mr.
7  Prescott's appraisal only to the extent that those costs diminished
8  the fair market value of the property <u>after</u> the fire. Thus, while
9  the Court finds that such evidence <u>may</u> be admissible as rebuttal
10 evidence, it is admissible only if Plaintiffs lay the proper
11 foundation, by an expert appraisal or other admissible evidence.
12 The requisite foundation includes (1) the fair market value of the
13 property after the fire; (2) evidence that the costs Plaintiff
14 seeks to recover would reduce that fair market value; and (3) the
15 extent to which those costs would reduce the property's post-fire
16 fair market value. Without that foundation, evidence of any
17 demolition, clearing, or other related costs Plaintiff seeks to
18 recover in addition to the property's fair market value is
19 inadmissible to rebut Mr. Prescott's testimony.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///


## V. CONCLUSION

For the reasons set forth above, Defendants' motion to strike is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to Mr. Aziz and Mr. Crossley, as their reports fail to comply with the Federal Rules of Civil Procedure. The motion is DENIED as to Mr. Evans and Mr. Tish. They may testify as rebuttal experts, subject to the limitations -- including the foundational requirements the Court has laid out -- set forth above.

IT IS SO ORDERED.

Dated: April 13, 2015

UNITED STATES DISTRICT JUDGE